LAW OFFICES OF BARAK BERLIN
BARAK J. BERLIN (CASB No. 216115)
Email: Barak@BerlinLawGroup.com
27349 Jefferson Ave, Ste 208
Temecula, CA 92590
Telephone: (951) 296-6188
Facsimile: (951) 296-6187

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN A. GARZA, | CASE NO. 5:17-cv-751 |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, AND CALIFORNIA FAIR DEBT BUYING PRACTICES ACT |
| vs. | |
| CAPITAL RECOVERY GROUP OF HOUSTON, LLC, ANDREW SAMUELS, and DOES 1-10, Inclusive, | |
| Defendants. | JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, STEPHEN A. GARZA ("Plaintiff"), by way of Complaint against the Defendant, says:

**I. PRELIMINARY STATEMENT**

1. Stephen A. Garza ("Plaintiff"), through Plaintiff's attorney, brings this action to challenge the actions of the Capital Recovery Group of Houston, LLC, Andrew Samuels, and DOES 1-10, inclusive ("Defendants"), with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act"), and the Fair Debt Buying Practices Act, Civ. Code §§1788.50-1788.64 ("FDBPA").

8. Because Defendant does business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## III. PARTIES

10. Plaintiff Stephen A. Garza is a natural person who resides in the City of Temecula, County of Riverside, State of California.

11. At all times relevant to this Complaint, Capital Recovery Group of Houston, LLC was a Texas Limited Liability Company with an address of 2647 Elm Crossing Trail, Spring, Texas, 77386-4241. There were no results on the

California Secretary of State Business Search website for Capital Recovery Group of Houston.

12. At all times relevant to this Complaint, Andrew Samuels was an individual residing at 2647 Elm Crossing Trail, Spring, Texas, 77386-4241.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendants are comprised of persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. Defendant is an entity that is regularly engaged in the business of purchasing charged-off consumer debt for collection purposes and is therefore a debt buyer as that term is defined by Cal. Civ. Code §1788.50.

19. Defendant purchased this debt after January 1, 2014.

20. Plaintiff is informed and believes, and based on said information and belief alleges, that at all relevant times mentioned herein, each defendant was the agent, employee, joint venturer, predecessor-in-interest, successor-in-interest, co-conspirator, alter ego or a partner of the other, and in doing the things alleged, was acting in the course and scope of said agency, employment, joint venture or other relationship. Each defendant has authorized, ratified and imposed the acts of the remaining defendants and each defendant ratified, entrusted, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and each of them, as set forth below, and/or retained the benefits of said negligent and/or wrongful acts.

## IV. FACTUAL ALLEGATIONS

21. Sometime before July 16, 2016, Plaintiff is alleged to have incurred certain financial obligations with Chase Bank (hereinafter "Chase account").

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before January 15, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged past due Chase account. Plaintiff currently takes no position as to the validity of this alleged past due Chase account.

25. Subsequently, but before July 16, 2016, the alleged past due Chase account was assigned, placed, sold, or otherwise transferred, to Defendants for collection.

26. On or about July 16, 2016, Defendant sent Plaintiff a letter. This was the first letter Plaintiff received from Defendant. This letter did not include the notices required by California Civil Code Sections 1788.50, 1788.52, and 1812.700. This letter did not include the notice required by 15 USC 1692e(11). This letter did not include the notice required by 15 USC 1692g, nor was a subsequent letter sent containing any of these notices.

27. The letter sent by Defendant to Plaintiff claimed to be from Capital Recovery Group of Texas LLC. The website, capitalrecgrp.com referenced in the letter is for Capital Recovery Group of Texas LLC. However, there are no search results on the Texas Secretary of State website for Capital Recovery Group of Texas LLC. There is a search result for Capital Recovery Group of Houston, LLC, which has the same address and lists Andrew Samuels as the registered agent.

28. Defendants regularly attempt to collect credit card bills.

29. The statute of limitations on a credit card debt in California is four years.

30. Defendants regularly attempt to collect time-barred consumer debts.

31. Exhibit A, attached to the complaint, is a form letter demanding payment, dated July 16, 2016, which is regularly used by Defendants in order to collect time-barred consumer debts.

32. Exhibit A offers a settlement, a term which is regularly used in legal proceedings. The settlement offer includes an expiration date, implying that further legal action will be taken should the settlement offer not be accepted.

33. Exhibit A fails to disclose that the alleged past due Chase account was time-barred or not legally enforceable.

34. Exhibit A fails to disclose that the alleged past due Chase account will not be reported to the credit reporting agencies.

35. Exhibit A fails to disclose that it is from a debt collector.

36. Defendants have a policy and practice to send letters (including those in the form of Exhibit A, and others), that seek to collect time-barred debts, which do not disclose that the debt is time-barred.

37. Defendants have a policy and practice to send letters (including those in the form of Exhibit A, and others), that seek to collect time-barred debts where the debt is past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1681c), which do not disclose that they will not report the debt to the credit reporting agencies.

38. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." [www.ftc.gov/opa/2012/01/asset.shtm.]

39. The FTC issued a report in 2003, entitled "The Structure and Practices of the Debt Buying Industry." [http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. ("*Structure & Practices*").] Reaffirming actions taken previously relating to collection of time-barred debts, the FTC reiterated that a collector may violate the FDCPA by demanding payment of a time barred debt without disclosing that the debt was time barred.

40. *Structure & Practices* refers to a study that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer. [Goldsmith & Martin, "Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time Barred Debts," 64 Consumer Fin. L.Q. Rep. 372 (2010).]

# V. CAUSES OF ACTION

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

41. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692e(11), 15 U.S.C. §1692e(14), 15 U.S.C. 1692f, and 15 U.S.C. §1692g.

43. 15 U.S.C. §1692e provides that

> a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt....
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . .

   (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

44. 15 U.S.C. §1692f provides that

a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

45. 15 U.S.C. §1692g provides that

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

  (1) the amount of the debt;

  (2) the name of the creditor to whom the debt is owed;

  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15

U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL.CIV.CODE §§ 1788-1788.32

47. Plaintiff repeats, re-alleges, and incorporates by reference, all previous paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

49. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## COUNT III
## FAIR DEBT BUYING PRACTICES ACT
## CAL.CIV.CODE §§ 1788.50-1788.64

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the Fair Debt Buying Practices Act, including but not limited to each and every one of the above-cited provisions of the Fair Debt Buying Practices Act, Cal. Civ. Code §§ 1788.50-1788.64.

52. As a result of each and every violation of the Fair Debt Buying Practices Act, Plaintiff is entitled to any actual damages, including emotional distress, pursuant to Cal. Civ. Code § 1788.62(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code §

1788.62(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1) from Defendants.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor as follows:

A. **For the FIRST CAUSE OF ACTION**:
  (i) An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), including emotional distress.
  (ii) An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);
  (iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and
  (iv) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:
  (i) An award of actual damages pursuant to Cal. Civil Code §1788.30(a), including emotional distress;
  (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.30(b);
  (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.30(c); and
  (iv) For such other and further relief as may be just and proper.

C. **For the THIRD CAUSE OF ACTION**:
  (i) An award of actual damages pursuant to Cal. Civil Code §1788.62(a)(1), including emotional distress;
  (ii) An award of the maximum statutory damages for Plaintiffs pursuant to Cal. Civil Code §1788.62(a)(2);
  (iii) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civil Code §1788.62(c)(1); and

(iv) For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Stephen A. Garza, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: April 19, 2017          **LAW OFFICES OF BARAK BERLIN**

/s/ Barak J. Berlin
BARAK J. BERLIN
Attorneys for Plaintiff Stephen A. Garza