FILED
CLERK, U.S. DISTRICT COURT

3/29/2018

CENTRAL DISTRICT OF CALIFORNIA
BY:    BH    DEPUTY

rf

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Stephen A. Garza,

      Plaintiff,

      v.

Capital Recovery Group of

      Houston, LLC, Andrew

      Samuels, and Does 1-10,

      Inclusive,

            Defendants.

ED CV 17-00751-VAP (KSx)

**Order GRANTING Plaintiff's
Motion for Entry of Default
Judgment
(Doc. No. 16).**

Stephen A. Garza ("Plaintiff") filed a complaint against Capital Recovery Group of Houston, LLC, Andrew Samuels, and Does 1-10, Inclusive (collectively, "Defendants") on April 19, 2017.  (Doc. No. 1 ("Compl.").)  Defendants waived service on May 17, 2017.  (Doc. No. 9.)  Defendants did not answer the Complaint.  The Clerk entered default against Defendants on July 26, 2016 (Doc. No. 14), and Plaintiff filed this Motion for Entry of Default Judgment on August 10, 2017.  (Doc. No. 16 ("Mot.").)

The Court finds the Motion appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  After consideration of the papers filed in support of the Motion, the Court GRANTS the Motion.

United States District Court
Central District of California

# I. BACKGROUND

Plaintiff, a debtor, is suing Defendants, debt collectors, for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and the California Fair Debt Buying Practices Act ("FDBPA").

Plaintiff filed a complaint on April 19, 2017 and alleged the following facts.  (Compl.)

Sometime before July 16, 2016, Plaintiff borrowed money from Chase Bank for "personal, family, or household purposes."  (Id. ¶¶ 21-23.) Sometime before January 15, 2009, Plaintiff fell behind in the payments owed on the Chase account, which was later acquired by Defendants for collection.  (Id. ¶¶ 24-25.)  On or about July 16, 2016, Defendants mailed a form letter to Plaintiff in which Defendants presented a settlement offer, which included an expiration date.  (Id. ¶ 32.)  Plaintiff alleges that the settlement offer and accompanying expiration date implied that further legal action would be taken should the settlement offer not be accepted.  (Id.) Further, the letter did not disclose that collection of the Chase account was time-barred, nor did the letter assure Plaintiff that the Chase account would not be reported to credit reporting agencies.  (Id. ¶¶ 33-34.)

Defendants waived service on May 17, 2017.  (Doc. No. 9.) Defendants did not respond to the Complaint.  The Clerk entered default on July 26, 2017 (Doc. No. 14), and Plaintiff filed the instant motion on August 10, 2017.  (Mot.)  Plaintiff seeks $1,000.00 in statutory damages for

United States District Court
Central District of California

violations of the FDCPA, $1,000.00 in statutory damages for violations of the RFDCPA, and $1,000.00 in statutory damages for violations of the FDBPA. (Id. at 14.)  Plaintiff also requests $2,730.00 in attorney's fees and $440.00 in costs.  (Id. at 15.)


## II.    LEGAL STANDARD

### A.   Requirements of Local Rule 55–1

Local Rule 55–1 provides that an application for default judgment must be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b) setting forth: "(a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (d) that the Servicemembers Civil Relief Act does not apply; and (e) that notice has been served on the defaulting party if required by Federal Rule of Civil Procedure 55(b)(2)."  L.R. 55-1.

Plaintiff has satisfied the requirements of Local Rule 55-1.  Plaintiff presented a declaration by his counsel Barak J. Berlin stating the defaulting party is not an infant nor an incompetent person, and the Servicemembers Civil Relief Act does not apply.  (Doc. No. 16-3.)  The contents of Plaintiff's Motion satisfy the remaining requirements: "(a) when and against what party

the default was entered [and] (b) the identification of the pleading to which default was entered."  L.R. 55-1.

### B.  Default Judgment

Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a party who "fail[s] to plead or otherwise defend" a claim.  Fed. R. Civ. P. 55 (a)-(b)(2).  "Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the court."  PepsiCo v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).)

In exercising its discretion to grant or deny an application for default judgment, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits (collectively, "Eitel factors").  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.  Mnatsakanyan v. Goldsmith & Hull APC, No. CV 12-4358 MMM (PLAx), 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013); accord

United States District Court
Central District of California

Federal Nat. Mortg. Ass'n v. George, No. EDCV14-01679 VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015).

## III.    DISCUSSION

The general rule is that, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.  Televideo Sys. Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987); see also DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007); Fed. R. Civ. P. 8(b)(6).  Pursuant to Rule 8(b)(6), the Court accepts as true the allegations in the unanswered Complaint and the statements in the declaration submitted in support of the Motion.

### A.    The Eitel Factors

In applying the Eitel factors here, the Court finds Plaintiff is entitled to default judgment.

### 1.    Possibility of Prejudice to Plaintiff

This "Eitel factor considers whether the plaintiff will suffer prejudice if default judgment is not entered."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  "Denying judgment against a defendant who does not participate in litigation deprives the plaintiff of a remedy until such time as the defendant chooses to litigate."  Joe Hand Promotions, Inc. v. Be, No. 11-CV-01333-LHK, 2011 WL 5105375, at *2 (N.D. Cal. Oct. 26, 2011).  Hence, the Court recognizes denying Plaintiff default judgment would either (1) force Plaintiff to prepare a motion for summary judgment or (2) leave the timing of judgment to the whim of the

United States District Court
Central District of California

absentee Defendants.  Thus, this factor favors entry of judgment against Defendants.

### 2.    The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

*a) Plaintiff's FDCPA Claims*

Plaintiff alleges that Defendants sent Plaintiff a letter offering a settlement on a debt that Plaintiff had incurred, even though Defendants were time-barred from collecting on this debt due to a four-year statute of limitations.[1]  (See Compl. ¶¶ 21, 26, 29, 32-33.)  Plaintiff contends that Defendants violated 15 U.S.C. § 1692(e)(2)(A), (5), and (10) as well as 15 U.S.C. § 1692f by sending this letter.  The FDCPA forbids a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692.  Section 1692e(2)(A) prohibits "the false representation of the character, amount, or legal status of any debt."  15 U.S.C. § 1692e.  Section 1692e(5) also prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."  Id.  Section 1692e(10) further prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Id.  Further, section 1692f provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.

---

[1] "An action upon any contract, obligation or liability founded upon an instrument in writing" must be brought "within four years[.]"  Cal. Code. Civ. Proc. § 337.

United States District Court
Central District of California

Here, Plaintiff incurred a debt and fell behind in payments sometime before January 15, 2009.  (Compl. ¶¶ 21, 24.)  Because of a four-year statute of limitations, Defendants were time-barred from collecting on this debt when Defendants sent Plaintiff a letter on July 16, 2016 offering a settlement.  (Id. ¶¶ 26, 29, 32-33.)  This letter violated the FDCPA in several respects.  First, it gave the false impression that collection of the debt was not time-barred, a violation of 15 U.S.C. § 1692e(2)(A).  Further, the settlement offer included an expiration date, implying that Defendants would take legal action if Plaintiff did not accept the offer, a violation of 15 U.S.C. § 1692e(5).  Moreover, in an attempt to collect the debt, Defendants used the false representation that collection of the debt was not time-barred, and Defendants used the deceptive means of implying there would be legal action should Plaintiff not accept the offer, a violation of 15 U.S.C. § 1692e(10).  Defendants' letter thus constituted an unfair means to attempt to collect a debt.

Thus, taking the factual allegations in the complaint as true, Plaintiff has shown a violation of 15 U.S.C. § 1692e(2)(A), (5), and (10), as well as 15 U.S.C. § 1692f.

*b)  Plaintiff's RFDCPA Claim*

A violation of 15 U.S.C. § 1692b to 1692j is a violation of the RFDCPA and shall be subject to the remedies in Section 1692k.  Cal. Civ. Code § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be

subject to the remedies in Section 1692k of, Title 15 of the United States Code."); see Riggs v. Prober & Raphael, 681 F.3d 1097, 1100 (9th Cir. 2012) ("The [RFDCPA] mimics or incorporates by reference the FDCPA's requirements . . . and makes available the FDCPA's remedies for violations.")

Since Plaintiff has adequately shown he is entitled to judgment for his § 1692e and 1692f claims, Plaintiff is also entitled to judgment for his RFDCPA claim.

### c)  Plaintiff's FDBPA Claim

The FDBPA requires that "[a] debt buyer shall include with its first written communication with the debtor . . . a separate prominent notice that provides: 'You may request records showing the following . . . You may also request from us a copy of the contract or other document evidencing your agreement to the debt.'" Cal. Civ. Code § 1788.52(d)(1).  The FDBPA also requires that a debt buyer collecting on a debt where collection of the debt is time-barred and where the debt is past the date for obsolescence provided for in Section 605(a) of the federal Fair Credit Reporting Act (15 U.S.C. Sec. 1681c) shall include with its first written communication with the debtor: "The law limits how long you can be sued on a debt.  Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency."  Cal. Civ. Code § 1788.52(d)(3).  A debt becomes obsolete seven years after being placed for collection.  15 U.S.C. § 1681c(a)(4).  This seven-year period begins 180 days after the debtor falls behind on payment.  15 U.S.C. § 1681c(c)(1).

United States District Court
Central District of California

United States District Court
Central District of California

Plaintiff asserts that Defendants are debt buyers (Compl. ¶¶ 18-19) and that Defendants did not include in their letter to Plaintiff a notice inviting Plaintiff to request records or a copy of the document evidencing Plaintiff's agreement to the debt.  (Id. ¶ 26.)  This is a violation of Cal. Civ. Code § 1788.52(d)(1).  Further, Plaintiff alleges that he fell behind in payment on or before January 15, 2009 (Id. ¶ 24) and that Defendants sent their letter to Plaintiff on or about July 16, 2016.  (Id. ¶ 26.)  Thus, Plaintiff's debt was obsolete when Defendants sent their letter to Plaintiff.  Further, Plaintiff alleges that Defendants did not include in their letter to Plaintiff a reassurance that they would not report Plaintiff's debt to any credit reporting agency.  (Id.)  Consequently, Defendants' letter also violated Cal. Civ. Code § 1788.52(d)(3).

Since the facts in Plaintiff's complaint are to be taken as true, Plaintiff has adequately shown he is entitled to judgment for his FDBPA claims.  Thus, this factor favors entry of judgment against Defendants.

### 3.      The Sum of the Money at Stake

This factor "takes into account the amount of money at stake and the seriousness of the defendant's conduct, which involves an assessment of whether the recovery sought is proportional to the harm which the defendant's conduct has caused."  Trustees of Teamsters Local 631 Sec. Fund for S. Nev. v. Knox Installation-Dismantling & Servs., Inc., No. 2:12-CV-1689-JAD-GWF, 2013 WL 4857897, at *2 (D. Nev. Sept. 9, 2013).

"Default judgment is disfavored when a large sum of money is involved or the damages sought are unreasonable in light of the defendant's actions." Joe Hand Promotions, Inc., 2011 WL 5105375, at *3. "Where a plaintiff's request for damages is excessive, the Court may mitigate the impact of this factor by reducing the amount awarded." Id.

Here, Plaintiff seeks $3,000.00 in statutory damages. Given that Defendant sent only one letter to Plaintiff, this is a significant sum of money. The Court has the discretion to reduce the award, however, and thus this factor weighs neither in favor of nor against entering judgment against Defendants.

### 4. Possibility of a Dispute Concerning Material Facts and Whether the Default Was Due to Excusable Neglect

These Eitel factors examine "the likelihood of dispute between the parties regarding the material facts surrounding the case" and asks "whether Defendants' failure to respond to Plaintiff's allegations was the result of excusable neglect." Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1060–61 (N.D. Cal. 2010) (citations omitted).

Here, all the facts in the Complaint are undisputed for purposes of the Motion. Thus, there exists no genuine dispute of material facts that would preclude granting Plaintiff's Motion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default

United States District Court
Central District of California

judgment, there is no likelihood that any genuine issue of material fact exists.").

Also, there is no evidence of excusable neglect here.  Plaintiff filed his complaint on April 19, 2017 (Compl.), and Defendants waived service on May 17, 2017.  (Doc. No. 9.)  Defendants never filed an answer or responded otherwise to this suit.  Thus, this factor favors entry of judgment against Defendants.

**5.    The Strong Public Policy Favoring Decisions on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.  As Defendants failed to appear in this case, it is Defendants who precluded a decision on the merits.  Accordingly, this factor is, at best, "neutral."  See eAdGear, Inc. v. Liu, No. CV-11-05398 JCS, 2012 WL 2367805, at *10 (N.D. Cal. June 21, 2012).

**B.  The Character and Amount of Plaintiff's Recovery**

Under Federal Rule of Civil Procedure 8(a)(3), a "plaintiff's demand for relief must be specific, and it must 'prove up' the amount of damages." Landstar Ranger, Inc. v. Parth Eaters, 725 F. Supp. 2d 916, 923 (C.D. Cal. Jul. 19, 2010) (quoting Phillip Morris USA Inc. v. Banh, No. CV 03-4043 GAF PJWX, 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005)).  Federal Rule of Civil Procedure 54(c) "allows only the amount prayed for in the complaint to be awarded to the plaintiff in a default." Elektra Entm't Grp., Inc. v. Bryant,

No. CV-03-6381GAF(JTLX), 2004 WL 783123, at *5 (C.D. Cal. Feb 13, 2004).

> a) *Plaintiff's Claim for Damages Pursuant to the FDCPA and the RFDCPA*

The FDCPA allows for an award of actual damages sustained by the plaintiff.  15 U.S.C. § 1692k(a)(1).  The FDCPA also allows for "additional damages as the court may allow, but not exceeding $1,000.00."  15 U.S.C. § 1692k(a)(2)(A).  In determining the amount of statutory damages, "the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b).  A court may award statutory damages even without proof of actual damages.  <u>Baker v. G.C. Servs. Corp.</u>, 677 F.2d 775, 781 (9th Cir. 1982).

The RFDCPA's damages provision generally follows that of the FDCPA.  The RFDCPA provides for an award of actual damages sustained by the plaintiff.  Cal. Civ. Code § 1788.30(a).  The RFDCPA also provides that a debt collector "who willfully and knowingly violates" the RFDCPA shall be liable to the debtor "in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  Cal. Civ. Code § 1788.30(b).

Here, Plaintiff does not seek actual damages.  Rather, Plaintiff seeks to recover the maximum statutory damages under the FDCPA and the

United States District Court
Central District of California

RFDCPA, i.e. $1,000.00 for the FDCPA violation and $1,000.00 for the

RFDCPA violation.  (Mot. at 14.)  Defendants' violations of the FDCPA and

the RFDCPA support an award of statutory damages, but not the maximum

amount Plaintiff seeks.  Plaintiff admits this was a one-time violation against

him (Compl. ¶ 26) and has not specifically pleaded any facts showing

Defendants committed the violations against anyone other than Plaintiff.

Further, Plaintiff has not specifically pleaded any facts showing Defendants

intentionally or maliciously committed these violations.  Thus, the facts do

not support a significant award.  Under similar facts, the court in Hetland v.

Simm Assocs., Inc., No. C 13-0498 RS, 2013 WL 4510594, at *2 (N.D. Cal.

Aug. 22, 2013), awarded a debtor $250.00 for a violation of the FDCPA and

$250.00 for a violation of the RFDCPA, and the Court finds the same is

appropriate here.

### b) *Plaintiff's Claim for Damages Pursuant to the FDBPA*

The FDBPA provides that a debt buyer who violates the FDBPA shall

be liable for up to $1,000.00 in statutory damages.  Cal Civ. Code §

1788.62(a)(2).  However, recovery brought under the FDCPA or RFDCPA

precludes recovery for the same acts in an action brought under the FDBPA.

Cal Civ. Code § 1788.62(g) ("Recovery in an action brought under the

Rosenthal Fair Debt Collection Practices Act (Title 1.6C (commencing with

Section 1788)) or the federal Fair Debt Collection Practices Act (15 U.S.C. §

1692 et seq.) shall preclude recovery for the same acts in an action brought

under this title.")

United States District Court
Central District of California

Although Plaintiff requests statutory damages of $1,000.00 pursuant to Cal Civ. Code § 1788.62(a)(2) (Mot. at 14), Plaintiff's recovery under the FDCPA and RFDCPA precludes recovery under the FDBPA.

### c) Attorney's Fees and Costs

Plaintiff is also seeking attorney's fees.  Under 15 U.S.C. § 1692k(a)(3), a party who successfully enforces § 1692 et. seq. is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692.  Public policy also supports Plaintiff's entitlement to reasonable attorney's fees.  "The FDCPA's statutory language makes an award of fees mandatory.  The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."  Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008).  Without the benefit of receiving reasonable attorney's fees, private litigants would be otherwise dissuaded from vindicating their rights by bringing suit because of economic burdens.  See City of Riverside v. Rivera, 477 U.S. 561, 579 (1986); Tolento v. Friedman, 46 F.3d 645, 652 (7th Cir. 1995).

Plaintiff seeks $2,730.00 in attorney's fees and $440.00 in costs. (Mot. at 10.)  Plaintiff's counsel notes the attorney's fees are comprised of 7.8 hours of attorney time at $350.00 per hour.  (Doc. No. 16-4 at 2.)  With regards to costs, Plaintiff notes the costs include $350.00 to file the complaint and $90.00 to deliver the complaint to the courthouse.[2]  (Doc. No. 16-3 at 4; Doc. No. 16-4 at 4.)

---

[2] Local Rule 5-4.5 requires that "one mandatory chambers copy of every electronically filed document must be delivered to the chambers of the as-signed judge, or other designated location, no later than 12:00 noon on

Local Rule 55-3, however, provides for the recovery of reasonable attorney's fees. According to the schedule set forth in Local Rule 55-3, when the judgment is between $0.01 and $1,000.00, the attorney is entitled to an amount equal to 30% of the judgment with a minimum of $250.00. <u>See</u> Local Rule 55-3. Since Plaintiff has been awarded $500.00 in statutory damages, and 30% of $500.00 is $150.00, Plaintiff's counsel is entitled to the minimum of $250.00 in attorney's fees. The Court finds that an award in accordance with the schedule set forth in Local Rule 55-3 is reasonable. Therefore, the Court awards attorney's fees in the amount of $250.00. The Court also awards costs in the amount of $440.00.

///

///

///

///

///

///

///

///

///

///

the following business day." Plaintiff did not need to use same-day delivery to comply with this rule.

United States District Court
Central District of California

# IV.    CONCLUSION

For the reasons stated above, the Court finds the balance of the <u>Eitel</u> factors weighs in favor of entering judgment against Defendants.  The statutory damages sought by Plaintiff, however, are excessive because Defendants' letter to Plaintiff was a one-time event.  Accordingly, the Court GRANTS Plaintiff's Motion and awards Plaintiff $500.00 in statutory damages, $250.00 in attorney's fees, and $440.00 in costs.

Plaintiff is ORDERED to lodge a proposed judgment consistent with this order no later April 3, 2018.

**IT IS SO ORDERED.**

Dated:    3/29/18                          _____
                                          Virginia A. Phillips

                                  Chief United States District Judge